IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

NEIL N. McCARTHY,

   Plaintiff,

v.            No. CIV 97-1480 BB/RLP

BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY, WILLIAM B. CONROY, Individually and in his official capacity as President of New Mexico State University, and JIM PAUL, Individually and in his official capacity as Athletic Director of New Mexico State University,

   Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

THIS MATTER is before the Court on Plaintiffs' Motion For Expedited Remand [#2], and the Court having reviewed the briefs of counsel and being fully apprised, FINDS the motion is well taken and it will be Granted.

## Discussion

On October 3, 1997, Plaintiff originated this action in the Third Judicial District Court in and for Doña Ana County, New Mexico, by filing a complaint

for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff's original claims were brought solely against the Defendant Board of Regents of New Mexico State University ("NMSU").  After an entry of appearance and some discussion regarding a possible amended complaint, counsel for NMSU filed an answer.  Plaintiff's counsel then filed a motion to amend the complaint and this was approved on November 7.  On November 10, Plaintiff filed the amended complaint and a motion for preliminary injunction. Defendants filed a notice of removal on November 18.  Plaintiff now moves this Court for expedited remand and for sanctions, or in the alternative for an expedited hearing on the motion for preliminary injunction.

Plaintiff makes two arguments in support of the necessity for remand. Initially, Plaintiff argues the Eleventh Amendment to the United States Constitution eliminates federal jurisdiction over the dispute involving claims against Defendant Board of Regents of NMSU.  Secondly, the case must be remanded because the record does not contain evidence that all Defendants consented to the removal.  Since the Court accepts the Plaintiff's first argument, the second theory need not be discussed.[1]

---

[1] The Court notes that on December 9, a document described as a notice by Defendants of consent to join in the noitice of removal was apparently filed electronically.  Although the Court has not reviewed that document, it appears that it

Federal jurisdiction over state actors is sharply limited by the Eleventh Amendment. *See, e.g., Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985). "Federal courts are not allowed to adjudicate claims against state governments unless the cause of action falls into a specific category of actions which the Supreme Court has held not to be barred by the amendment." 1 R. ROTUNDA & J. NOWAK, TREATISE ON CONSTITUTIONAL LAW § 2.12 at 151 ($2^d$ ed. 1992).

Plaintiff's amended complaint has seven counts: only the first two are contract claims against NMSU. When faced with the issue of whether state universities are entitled to Eleventh Amendment immunity, the Tenth Circuit Court of Appeals has consistently ruled that such institutions are entitled to protection from claims for monetary damages in federal court. *Watson v. University of Utah Medical Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996); *Lujan v. Regents of Univ. of Cal.*, 69 F.3d 1511, 1522 (10th Cir. 1995); *Seibert v. State of Okla., ex rel. Univ. of Okla. Health Sciences Ctr.*, 867 F.2d 591, 594-95 (10th Cir. 1989); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989); *Brennan v. University of Kan.*, 451 F.2d 1287, 1290 (10th Cir. 1971). Indeed, in *Korgich v. Regents of N.M. Sch. of*

---

may moot Plaintiff's second argument, if all Defendants have indeed joined in the effort to remove the case.

*Mines*, 582 F.2d 549, 551 (10th Cir. 1978), the Court held that the New Mexico School of Mines, a sister state institution of higher learning, was a state agency for purposes of Eleventh Amendment immunity. This conclusion is reinforced by the New Mexico Constitution, Article XII, Section 1 (Michie 1992) which confirms that NMSU is an educational institution of the State of New Mexico. The law is therefore quite clear that NMSU is a state agency entitled to the jurisdictional protection of the Eleventh Amendment. *See also Meek v. University of N.M.*, No. CIV 96-242 JC/LFG, slip op. (D.N.M. June 17, 1996); *Handmaker v. Henney, et al.*, No. CIV 95-1067 LH/LFG, slip op. (D.N.M. Jan. 26, 1996).

Defendants maintain that the State of New Mexico can, and has, waived its Eleventh Amendment immunity as to contract disputes. The statute cited by Defendants, NMSA 1978 § 37-1-23 (Repl. Pamp. 1990), is, however, silent on the matter of waiver of immunity to suit in federal court. Silence cannot be interpreted as waiver. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The Eleventh Amendment bars a suit for damages against a state or a state agency or instrumentality in federal court unless the state has unequivocally waived its sovereign immunity or unless Congress has waived the states' sovereign immunity on the underlying statutory claim. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-103 (1984); *Edelman*, 415 U.S. at 662-63. At most, the statutory

waiver in § 37-1-23 permits New Mexico to be sued in its own courts on matters of contract.  *Cf. In re Talbot*, 124 F.2d 1201, 1206 (10th Cir. 1997) (any waiver of sovereign immunity must be strictly construed in favor of the sovereign).  A state's waiver of immunity in its own courts is not a waiver of its Eleventh Amendment immunity in federal court.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990); *Bishop v. Doe*, 902 F.2d 809, 810 (10th Cir.), *cert. denied*, 498 U.S. 873 (1990); *Boyd v. Tennessee State Univ.*, 848 F. Supp. 111, 116 (M.D. Tenn. 1994).

Defendants next contend that this Court should not remand this case on the ground that the first two causes of action against NMSU are not "*bona fide*," citing *Watkins v. Department of Pub. Safety*, No. CIV 95-1238, slip op. (D.N.M. June 24, 1996).  *Watkins* dealt with a very different situation than the present case.  Based on nothing more than the pleadings in *Watkins*, the Court was able to determine that the plaintiff had not alleged valid, legal claims, because the plaintiff sought damages from state actors named in their official capacity, contrary to well-established federal law.  *Id.* at 4.  Chief Judge Conway specifically found that it is "[w]hen a claim such as this one **on its face** lacks any arguable viability in the state court proceedings, ... it cannot qualify as a "*bona fide*" claim sufficient to deprive a federal court of jurisdiction over the remaining removable

5

claims brought in the same action." *Id.* (emphasis added). That is not the situation in the present case.

In the present case, Defendants assert that Plaintiff did not allege that the contract claims were based on a valid written contract. However, Plaintiff alleged that a contract existed between himself and NMSU, and attached a fully-executed, written copy of it to his complaint. Whether Plaintiff's claims against NMSU can withstand discovery and legal challenge is exactly the type of legal challenge the Eleventh Amendment seeks to reserve to state forums. *See, e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 609 (1996) (the Eleventh Amendment serves not only to protect the state treasury but also to avoid the indignity of subjecting the state to coercive judicial process by another sovereign).

Once a court determines, as here, that the Eleventh Amendment bars removal of at least one of plaintiff's claims, the federal courts are divided on the appropriate procedure to follow. Some courts have held the Eleventh Amendment limits only the removability of those counts specifically barred but does not prohibit removal of the remainder of the case. *See, e.g., Kruse v. Hawaii*, 68 F.3d 331, 334-35 (9th Cir. 1995); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 339 (6th Cir. 1990); *Boyle v. City of Liberty, Mo.*, 833 F. Supp. 1436, 1453 (W.D. Mo. 1993). Others read 28 U.S.C. § 1441 to require remand of the entire case if the

Eleventh Amendment bars any of the claims. *Smith v. Wisconsin Dept. of Agric.*, 23 F.3d 1134, 1140 (7th Cir. 1994); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985); *Cotton v. South Dakota*, 843 F. Supp. 564, 567-68 (D.S.D. 1994); *Robinson v. California*, 836 F. Supp. 717, 719-20 (N.D. Cal. 1993). This Court will follow the established precedent in this district and adopt the latter approach.[2] This analysis focuses on the language of 28 U.S.C. § 1441(a) which requires the federal court to possess jurisdiction over a "civil action" before it can be removed to federal court. The term "civil action" refers to the entire case rather than one claim. Therefore, if Eleventh Amendment immunity bars even one claim, the defendant cannot remove the plaintiff's "civil action" to federal court. *See Frances J. v. Wright*, 19 F.3d 337, 340-42 (7th Cir.), *cert. denied*, 513 U.S. 876 (1994).

In addition to being persuaded by the logic of this position, the Court feels compelled to adopt this analysis for two further reasons. Insofar as possible, judges in the same district should interpret the law consistently, and the outcome of a legal issue should not depend on the assignment of the case. *Arco Materials,*

---

[2] *See Flores v. Long*, No. CIV 94-731 LH/LFG, slip op. (D.N.M. Aug. 17, 1995); *Atwa v. New Mexico Highway & Transp. Dept.*, No. CIV 95-948 JC/LCS, slip op. (D.N.M. Nov. 12, 1995); *Gillis v. New Mexico Dept. of Children, Youth & Families*, No. CIV 95-1585 MV/DJS, slip op. (D.N.M. July 31, 1996); *Garcia-Montoya v. New Mexico Treasurer's Office*, No. CIV 96-982 BB/WWD, slip op. (D.N.M. Sept. 25, 1996).

*Inc. v. New Mexico Taxation & Revenue Dept.*, 118 N.M. 12, 17, 878 P.2d 330, 335 (Ct. App. 1994) (Black, J., concurring). Finally, a federal court's removal jurisdiction is statutory in nature and is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Any doubts are to be resolved in favor of remand and against removal. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Lambert v. Mail Handlers Benefit Plan*, 886 F. Supp. 830, 833 (M.D. Ala. 1995); *McGraw v. FD Servs., Inc.*, 811 F. Supp. 222, 223 (D.S.C. 1993).

## **O R D E R**

For the above stated reasons, Plaintiff's motion to remand is **GRANTED**, and this case is remanded to the Third Judicial District Court, Doña Ana County, New Mexico.

Dated at Albuquerque this 18th day of December, 1997.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:

    Joleen K. Youngers, Almanzar & Youngers, Las Cruces, NM

    Maureen A. Sanders, Sanders & Westbrook, Albuquerque, NM

Counsel for Defendants:

    Kenneth L. Harrigan, Modrall Law Firm,   Albuquerque, NM

    Clifford K. Atkinson, Atkinson & Thal, Albuquerque, NM

    Thomas A. Sandenaw, Jr., Raúl A. Carrillo, Jr., Las Cruces, NM