IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

NEIL N. McCARTHY,

        Plaintiff,

v.                                        No. CIV 97-1480 BB/RLP

BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY, WILLIAM B. CONROY, Individually and in his official capacity as President of New Mexico State University, and JIM PAUL, Individually and in his official capacity as Athletic Director of New Mexico State University,

        Defendants.

**MEMORANDUM OPINION AND ORDER
ON ATTORNEYS' FEES**

THIS MATTER is before the Court on Plaintiffs' Motion for Attorneys' Fees and Sanctions Due to Remand [#13], and the Court having considered the briefs and submissions of counsel, FINDS the motion is well taken and it will be Granted in part.

**Discussion**

Plaintiff originated this action in the Third Judicial District Court in and for Doña Ana County, New Mexico, by filing a complaint for breach of contract and

breach of the covenant of good faith and fair dealing on October 3, 1997. Plaintiff filed an amended complaint on November 10, 1997, and requested a preliminary injunction. Defendants filed a notice of removal on November 18. Plaintiff then submitted a motion for expedited remand and for sanctions. This Court granted Plaintiff's motion to remand, but failed to address Plaintiff's motion for attorneys' fees. Plaintiff filed this motion on January 16, 1998.

The Court erred in not addressing Plaintiff's request for attorneys' fees and apologizes to the parties for the additional effort required in filing this motion.

Since Plaintiff requested costs and attorneys' fees in his original motion, Defendants' argument the Court lost jurisdiction upon remand must be rejected. A number of courts have specifically considered the issue and determined that the federal court retains jurisdiction for the limited purpose of awarding costs and fees following an order of remand. *See, e.g., Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1258 ($3^d$ Cir. 1996); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *M.D.C. Wallcoverings v. State Bank of Woodstock*, 771 F. Supp. 242 (N.D. Ill. 1991). Fees have also been awarded in recent cases from the Tenth Circuit. *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997); *Candelaria v. Johnson & Johnson Med., Inc.*, No. CIV 95-889 LH/LCS (Mem.

Op. & Ord., Nov. 9, 1995).  This Court concludes it has jurisdiction to consider Plaintiff's request for attorneys' fees.

Assuming jurisdiction, Defendants maintain that they "acted in good faith and had a fair basis for removing this case."  Mem. Br. Opp'n at 2.  Since the 1988 amendment of 28 U.S.C. § 1447c, the standard for an award of attorneys' fees no longer requires the removing party to have acted in bad faith, vexatiously, wantonly or for oppressive reasons.  Compare *Cornwall v. Robinson*, 654 F.2d 68 (10th Cir. 1981), with *Elkhart Co-op Equity Exch. v. Day*, 716 F. Supp. 1384 (D. Kan. 1989).  Thus, the district court now has discretion to award attorneys' fees without a finding of bad faith.  *Excell, Inc. v. Sterling Boiler & Mechanical*, 106 F.3d at 318; *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).  Notwithstanding Defendants' protestations of good faith, then, two factors convince the Court that attorneys' fees are appropriate in this case: (1) the strategic timing of the removal petition and (2) the grounds advanced to support removal.

Plaintiff filed his amended complaint on November 10, 1997.  At the same time, Plaintiff also filed his motion for preliminary injunction.  A hearing on Plaintiff's preliminary injunction was set in state court for November 25, 1997.  One week before the date of the scheduled hearing on Plaintiff's motion for

3

preliminary injunction, Defendants filed the notice of removal. While this hardly establishes bad faith, the Court notes the original complaint had been pending several weeks before the Defendants filed the removal petition, just one week before the scheduled injunction hearing.

More importantly, the Defendants chose to base removal on the theory that Plaintiff's claims which invoked the Eleventh Amendment – those asserted against the Board of Regents of New Mexico State University – were not *bona fide*. While there are cases where the Court can discern Plaintiff's claims are clearly not *bona fide*, *see Watkins v. Department of Public Safety*, No. CIV 95-1238 (D.N.M. June 24, 1996), this was not one of them. Nor did the Court find the Defendants' argument that NMSA 1978 § 37-1-23 (Repl. Pamp. 1990) waived the Regents' Eleventh Amendment immunity to suit in federal court persuasive. On its face that statute is silent on the issue, and silence is insufficient to constitute a jurisdictional waiver.

Defendants now correctly assert "that there is an active debate over the issue of whether the Eleventh Amendment requires remand of an entire case where state common law claims are mixed with federal constitutional claims over which the United States district courts have original jurisdiction." Mem. Br. Opp'n at 5. While it is true, as Plaintiff points out, that the cases Defendants cite

4

in support of this proposition post date this Court's remand,[1] it is more significant the argument was not even raised in response to Plaintiff's motion to remand. The Court recognizes that other courts have not read the phrase "civil action" in 28 U.S.C. § 1441 to require remand of the entire case when the Eleventh Amendment precludes federal jurisdiction of some claim. However, the fact Defendants relied on two rather hollow arguments rather than advance this far more plausible legal theory also suggests the removal petition was created in haste for tactical reasons without full consideration of its legal merit.

Based on the Court's frequent interaction with the legal community on the assessment of attorneys' fees in various contexts, the Court is not persuaded by the affidavit of Ms. Youngers that Las Cruces attorneys licensed to practice only five years generally bill at $125 per hour. Moreover, the Court notes Ms. Younger's qualification that this is only her "customary billing rate for <u>federal</u> litigation" (emphasis added). The Court will therefore reduce her billing rate to $110 per hour. The hours advanced in the affidavits appear reasonable and are unchallenged by Defendants. With the exception of Ms. Younger's billing rate,

---

[1] *Archuleta v. Lacuesta*, 131 F.3d 1359 (10th Cir. 1997) (Baldock, J., dissenting); *Lee v. Board of Regents of N.M. State Univ.*, No. CIV 97-0944 MV/LCS (D.N.M. Jan. 6, 1998).

then, attorneys' fees will be assessed in accordance with the affidavits submitted by Plaintiff's counsel.

## **O R D E R**

For the above stated reasons, Plaintiff is awarded attorneys' fees pursuant to 28 U.S.C. § 1447 in the amount of $4,667.00.

Dated at Albuquerque this 7th day of April, 1998.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:

    Joleen K. Youngers, Almanzar & Youngers, Las Cruces, NM

    Maureen A. Sanders, Sanders & Westbrook, Albuquerque, NM

Counsel for Defendants:

    Kenneth L. Harrigan, Modrall Law Firm,  Albuquerque, NM

    Clifford K. Atkinson, Atkinson & Thal, Albuquerque, NM

    Thomas A. Sandenaw, Jr., Raúl A. Carrillo, Jr., Las Cruces, NM